```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

KEVIN HEDRICK and
SARAH HEDRICK,

      Plaintiffs,

v.                                 Civil Action No. 2:12-06135

E.I. DU PONT DE NEMOURS AND COMPANY,
a Delaware corporation doing
business in West Virginia and
RALPH EWING,
individually,

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the plaintiffs' motion to remand, filed October 11, 2012.

### I.  Factual and Procedural Background

In the fall of 2011, plaintiff Kevin Hedrick was employed as a "maintenance/mechanic worker" by defendant E.I. du Pont de Nemours and Company at its Belle, West Virginia chemical plant.  Compl. ¶¶ 3, 6.  At the time, defendant Ralph Ewing served as the process supervisor for the Belle facility's dimethyl sulfate unit.  Id. ¶ 5.  Both plaintiffs, Kevin and Sarah Hedrick, as well as defendant Ralph Ewing, are residents of West Virginia.  Id. ¶¶ 1, 5.  On September 26, 2011, during scheduled maintenance of the unit, chemical waste was combined with water, resulting in the release of toxic vapors.  Id. ¶ 8.  The fumes enveloped the plaintiff, causing contact and inhalation injuries severe enough to warrant a five-day hospital stay.  Id.

The plaintiff filed suit in the Circuit Court of Kanawha County, West Virginia, on September 6, 2012.  The complaint asserts

claims against the corporate and individual defendants for deliberate intention, as defined by W. Va. Code § 23-4-2.

On October 2, 2012, the defendants removed. Removal of civil actions brought in state courts is permitted only if federal district courts are vested with original jurisdiction over the relevant subject matter. 28 U.S.C. § 1441(a). Original jurisdiction exists over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Id. § 1332(a)(1). In this case, although the complaint does not request a particular sum, it is undisputed that the plaintiffs' potential recovery exceeds the jurisdictional minimum given the extent of Kevin Hedrick's injuries. See Notice of Removal 4-6. The plaintiffs do, however, raise two distinct challenges to the exercise of federal jurisdiction.

## II. Analysis

In moving to remand, the plaintiffs allege that complete diversity does not exist between the parties. Memorandum in Supp. of Pls.' Mot. to Remand ("Pls.' Mem.") 2-3. They also contend that the removal of deliberate intention claims is barred by federal statute. Id. at 4.

1. Diversity of Citizenship

The plaintiffs first argue that no diversity jurisdiction exists because they, like defendant Ewing, are citizens of West Virginia. Id. at 2-3. The defendants respond that Ewing was fraudulently joined, as the complaint does not properly assert a cause of action for deliberate intention against him.

The exercise of original jurisdiction pursuant to 29 U.S.C. § 1332(a), or diversity jurisdiction, requires the opposing parties to be citizens of different states. 28 U.S.C. § 1332(a)(1). Although

diversity of citizenship must generally be complete, see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806), the court may disregard the citizenship of a defendant fraudulently joined, Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citing Cobb v. Delta Exps., Inc., 186 F.3d 675, 677-78 (5th Cir. 1999)). To invoke the doctrine of fraudulent joinder, and permit removal despite the inclusion of a non-diverse defendant,

> the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. at 464 (emphasis in original) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). The court should resolve all issues of law and fact in favor of the plaintiff, placing a "heavy burden" on the party alleging fraudulent joinder. Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

In this case, the defendants make no allegations of outright fraud, arguing instead that the sole claim asserted against the non-diverse defendant, deliberate intention, cannot succeed.

Under West Virginia law, employers contributing to the state workers' compensation fund and their employees are immune from suits predicated upon the injury or death of an employee. W. Va. Code. §§ 23-2-6, 6a. That immunity is lost, however, "if the employer or person against whom liability is asserted acted with 'deliberate intention.'" Id. § 23-4-2(d)(2). The statute sets forth two distinct methods of establishing deliberate intention:

> (i) It is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of:

3

>> (A) Conduct which produces a result that was not specifically intended;
> (B) conduct which constitutes negligence, no matter how gross or aggravated; or
> (C) willful, wanton or reckless misconduct; or
>
> (ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:
>> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

<u>Id.</u>

Importantly, subsection (ii) is applicable only to employers, rendering subsection (i) the sole method of establishing a deliberate intention claim against a co-employee,

4

such as defendant Ewing.  <u>Adkins v. Consolidation Coal Co.</u>, 856 F. Supp. 2d 817, 824 (S.D. W. Va. 2012) (Copenhaver, J.) ("The court concludes that employee immunity may be lost under section 23-4-2(d)(2)(i), but not under section 23-4-2(d)(2)(ii)."); <u>Evans v. CDX Servs., LLC</u>, 528 F. Supp. 2d 599, 605 (S.D. W. Va. 2007) (Johnston, J.) ("This Court disagrees with the <u>Weekly</u> court's conclusion that deliberate intent claims can be maintained against co-employees under § 23-4-2(d)(2)(ii)."). Contra <u>Weekly v. Olin Corp.</u>, 681 F. Supp. 346, 352 (N.D. W. Va. 1987) (Kaufman, J., visiting judge) ("In the absence of any relevant West Virginia caselaw on point, this Court concludes that section 23-4-2(c)(2)(ii) applies to co-employees.").

   In this case, the complaint alleges that defendant Ewing "intentionally . . . exposed Kevin Hedrick to the specific unsafe working condition." Compl. ¶ 25.  The plaintiffs do not assert, though, that defendant Ewing acted with a "consciously, subjectively and deliberately formed intention to produce <u>the specific result of injury or death</u>," as required by W. Va. Code § 23-4-2(d)(2)(i).  See Compl. ¶¶ 21-26.  The pleadings contain no additional facts supporting the inference that defendant Ewing intended to injure or kill plaintiff Kevin Hedrick.  Consequently, the court concludes that there is no possibility of the claim against defendant Ewing succeeding as pled.

   It is noted that the plaintiffs, both in reply to the defendants' response to their motion to remand and in a combined surreply and alternative motion to amend, filed November 15, 2012, in response to defendant Ewing's motion to dismiss, requested the opportunity to amend their complaint to allege a § 23-4-2(d)(2)(i) specific intent claim against Ewing.  Pls.' Reply to Defs.' Joint Resp. ("Pls.' Reply") 3; Pls.' Surreply to Def. Ralph Ewing's Mot. to Dismiss and Alternative Mot. to Am. Compl. 2-3.  The court need not consider the putative motion to amend, which is hereby ORDERED

denied as moot, inasmuch as the plaintiffs have since stipulated to the dismissal of all claims against defendant Ewing.[1] See Stipulation of Dismissal, Apr. 8, 2013. As a result, defendant du Pont's motion, filed May 8, 2013, to deem defendant Ewing's motion to dismiss, filed October 9, 2012, as moot is ORDERED granted and defendant Ewing's motion to dismiss is ORDERED denied as moot.

2. Statutory Bar

The plaintiffs next contend that the federal statutes governing removal prohibit the court from asserting jurisdiction over matters arising under the workmen's compensation laws of West Virginia. Pls.' Mem. 4. The defendants respond that the Fourth Circuit has already refuted that very argument.

Civil actions brought in state court that arise "under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The deliberate intention cause of action codified by W. Va. Code § 23-4-2,

---

[1] It is uncertain whether a stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is the proper mechanism for dismissing a single party, or whether the rule merely permits stipulated dismissal of the entire "action." See 9 Charles Alan Wright et al., Federal Practice and Procedure § 2362 (3d ed. supp. 2013). Although the U.S. Court of Appeals for the Fourth Circuit appears to favor the more restrictive interpretation, see Skinner v. First Am. Bank of Va., 64 F.3d 659 (4th Cir. 1995) (unpublished disposition) (holding that the dismissal of fewer than all claims asserted against the sole named defendant should proceed under Rule 15(a), rather than Rule 41, "[b]ecause Rule 41 provides for the dismissal of actions, rather than claims"), it has not addressed the question directly. Several lower courts under the purview of the Fourth Circuit have nullified stipulations purporting to dismiss individual parties, directing the plaintiffs to move for leave to amend the complaint under the auspices of Rule 15(a). See Volvo Trademark Holding Aktiebolaget v. AIS Constr. Equip. Corp., 162 F. Supp. 2d 465, 472 (W.D.N.C. 2001) (adopting the conclusions of the U.S. magistrate judge); see also Keck v. Virginia, No. 3:10cv555, 2011 WL 2708357, at *3 (E.D. Va. July 12, 2011) (Lauck, Magistrate J.). In view, however, of the court's determination that no claim has been stated against the defendant Ewing, coupled with the parties' stipulation dismissing him, the court in this instance accepts the stipulation.

6

however, is not considered to arise under West Virginia workmen's compensation laws for the limited purpose of determining federal jurisdiction.[2] <u>Arthur v. E.I. du Pont de Nemours & Co., Inc.</u>, 58 F.3d 121, 128 (4th Cir. 1995).[3]  28 U.S.C. § 1445(c) is thus inapplicable.

### III. Conclusion

Accordingly, the plaintiffs' motion to remand is denied.

The Clerk is requested to transmit this opinion and order to all counsel of record and to any unrepresented parties.

DATED: June 3, 2013

_____
John T. Copenhaver, Jr.
United States District Judge

---

[2] The Supreme Court of Appeals of West Virginia has concluded otherwise, interpreting the statutes that authorize deliberate intention claims as integrated with the Workers' Compensation Act.  See <u>Bell v. Vecellio & Grogan, Inc.</u>, 475 S.E.2d 138, 144 (W. Va. 1996).  Yet, in the same opinion, the Supreme Court of Appeals recognized that federal courts may define the contours of federal statutes and the scope of federal jurisdiction "irrespective of local law."  <u>Id.</u>

[3] The plaintiffs' motion to remand makes vague reference to "conflicting decisions from the federal system" but fails to cite <u>Arthur</u>.  Pls.' Mem. 4.